**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **MURRAY WILHOIT, et al.** | ) |
| | ) |
| v. | ) Civil Action No. 3:09-1216 |
| | ) Magistrate Judge Knowles |
| **WET ENTERPRISES, INC., et al.** | ) |

**O R D E R**

Pursuant to the Order of Judge Bryant entered on the docket on September 21, 2010 (Docket Entry No. 23), this action was referred to the undersigned to conduct a settlement conference. The parties have agreed to schedule a settlement conference on Wednesday, November 10, 2010, at 9:30 a.m.

 1. By **12:00 noon on Friday, November 5, 2010,** Plaintiff and Defendant shall deliver <u>under seal</u>, directly to Ms. Holly Vila, Courtroom Deputy to Magistrate Judge Knowles, ex parte, separate settlement conference statements which shall specify their respective settlement positions.

 a) Each statement is to be furnished only to the Court and not to the other side.  <u>The statements shall not be filed with the Clerk of Court</u>.

 b) Each statement shall contain a summary of the parties' respective views of the law as to the theory of liability or defense.

 c) In their respective statements, counsel for plaintiff and defendant shall make a candid assessment of the

strengths and weaknesses of both sides of the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits.

    (i) Plaintiff's statement shall contain an assessment from plaintiff's viewpoint of their damages and the strengths and weaknesses of their position.

    (ii) Defendant's statement shall contain an assessment of the plaintiff's damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

d) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

e) Each statement shall contain an assessment of the economic cost of proceeding to trial.

f) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his client in a settlement of the case based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

g) Each statement shall include the maximum amount the defendants are willing to pay and the minimum amount the plaintiff is willing to accept,[1] and any other terms on

---

[1] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.

which the client insists.

h) Each statement shall recount, with specificity, the settlement discussions between the parties to date and the final offer each side has made.

2. A settlement conference in this action shall be held on **Wednesday, November 10, 2010, at 9:30 a.m.**

a) *All plaintiffs and all defendants who are individuals shall be present at the settlement conference, unless their absence is approved at least seven (7) days prior to the settlement conference by the Magistrate Judge. Requests that an individual party be excused from attending the settlement conference shall be made to Courtroom Deputy Holly Vila, and communicated to all other parties. It is <u>not</u> sufficient for a party to request in their settlement conference statement that they be excused from attending the settlement conference.*

*Parties who are not individuals shall be present at the settlement conference by representative, unless their absence is excused by the Magistrate Judge as provided above. The representative present at the settlement conference must be in a position to sign an agreement binding that party at the conclusion of the conference. The representative at the settlement conference must also possess <u>full</u> settlement authority to make a reasonable*

*settlement offer on behalf of the party. Counsel for a party may not act as that party's "representative," as that term is used in the preceding three sentences. In rare circumstances, the Court may permit a party's representative to participate in the settlement conference by telephone. Any requests that a party's representative be allowed to participate by telephone must be approved at least seven (7) days prior to the settlement conference by the Magistrate Judge. Such requests shall be made to Courtroom Deputy Holly Vila, and communicated to all other parties. It is not sufficient for such a request to be made in a party's settlement conference statement. The parties are advised that, unless otherwise permitted, their failure to be present with <u>full</u> settlement authority could result in the imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.*

b) Counsel for each party shall be prepared to present a **brief** opening statement at the beginning of the settlement conference.

3. The parties shall exchange offers and demands prior to the settlement conference.

IT IS SO ORDERED.

E. CLIFTON KNOWLES
United States Magistrate Judge